**E-FILED**
Friday, 05 August, 2005 02:15:54 PM
Clerk, U.S. District Court, ILCD

**STATE OF ILLINOIS**      )     **Mays v. Snyder, et.al., USDC-CD 04-1001**

                                 )

**COUNTY OF SANGAMON**    )

## A F F I D A V I T

I, **DOUGLAS A. CRAVENS,** being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am a Chairperson for the Illinois Administrative Review Board, in the office of Inmate Issues, in the Illinois Department of Corrections ("Department") since November 2000. I have been employed by the Department in various capacities since 1994. In performing my duties as Chairperson, among other things, I maintain a thorough knowledge of operations and record keeping of the Department's Administrative Review Board ("ARB"), which reviews grievances filed by the Department's inmates in the manner set forth herein.

2. Inmates incarcerated within the Department may file grievances in accordance with Departmental Rule 504F, Grievance Procedures for Committed Persons. Generally, an inmate must first attempt to resolve grievances through his counselor. If the grievance issue remains unresolved after such informal efforts, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's



conclusions and if appropriate, recommended relief is forwarded to the CAO. The CAO or the CAO's designee's decision is then submitted to the grieving inmate.

3. If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and at the ARB's discretion, calling witnesses. The ARB submits a written report of it's findings and recommendations to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files. Departmental Rule 504F provides no further means fir review beyond this step.

4. Director Snyder did not review or sign his name to a March 25, 2002 ARB decision concerning inmate Tiberius Mays', N-92625, vegan diet at Hill Correctional Center, an April 18, 2002 ARB decision concerning a December 29, 2001 Disciplinary Report, a May 21, 2002 ARB decision concerning Mays' vegan diet at Danville Correctional Center, and a July 5, 2002 ARB decision concerning inadequate state issued clothing at Danville Correctional Center. (See attached Group Exhibit 1).

-2-

5. Instead, Sandra Kibby-Brown, as former Director Donald Snyder's designee, had signature authority to sign Director Snyder's name to the March 25, April 18, May 21, and July 5, 2002 ARB decisions. (Group Exhibit 1).

6. Therefore, former Director Snyder did not review the grievances at issue or the March 25, April 18, May 21, and July 5, 2002 decisions and would not have any independent knowledge of what Mr. Mays had alleged in his grievances.

7. I addressed Mr. Mays' grievances concerning his vegan diet at Hill Correctional Center, his December 29, 2001 Disciplinary Report, his vegan diet at Danville Correctional Center, and the inadequate state issued clothing at Danville Correctional Center. (See attached Group Exhibit 1).

8. I reviewed said grievances, the counselor's responses, and the grievance officer's responses.

9. Based on my review, it appeared that the issues Mr. Mays had raised in the grievances had been appropriately addressed at the institution.

10. Therefore, I recommended that the appeals of the grievances be denied or considered moot.

11. As an Administrative Review Board member, I am not personally involved in institutional disciplinary hearings. Said disciplinary hearings are handled by correctional staff at that particular correctional institution.

12. Therefore, I was not personally involved with the institutional disciplinary hearing concerning a December 29, 2001 Disciplinary Report written against Mr. Mays. Nor, was I asked to determine whether or not Mr. Mays should

-3-

or should not be found guilty of said Disciplinary Report or what type of discipline, if any, Mr. Mays should receive.

13. Also, I am not personally involved in any decisions concerning whether or not an inmate receives a vegan diet. Such decisions are made at the correctional institution.

14. I was not personally involved with the institutional determinations concerning Mr. Mays' request for a vegan diet. Nor, did I implement any Departmental rules concerning what procedures Mr. Mays must follow when requesting a religious diet.

**FURTHER AFFIANT SAYETH NOT.**

_____
**Douglas A. Cravens**

SUBSCRIBED and SWORN TO
before me this 27th day of
July, 2005

_____
NOTARY PUBLIC

```
OFFICIAL SEAL
MELODY J. FORD
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-6-2007
```

COUNTY OF (COOK?)

Illinois Department of Corrections
**COMMITTED PERSON'S GRIEVANCE REPORT**

Page 1

| Date: Jun 06, 2002 | Committed Person: *(Please Print)* Tiberius Mays | ID #: N92625 |
|---|---|---|
| Present Facility: Hill | Facility where grievance issue occurred: Hill | |

**NATURE OF GRIEVANCE:** ☒ Harassment / Retaliation

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Restoration of Good Time
- ☐ Disciplinary Report · Date: _____
- ☐ Mail Handling
- ☒ Dietary
- ☐ Medical Treatment

Transfer Denial:
- ☐ By Transfer Coordinator
- ☐ By Institution

☐ Disability ☒ Other Chaplain

Where Issued: Rojes' decision to remove me from vegan diet before I heard disciplinary report.

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: ON 1-4-02, around 10:10 AM, I went to lunch. I was sarcastically told by Food Supervisor (FS) T. Warren to "take it to the side of the other line" twice. I asked FS Warren why, FS Warren said, "You have been taken off the vegan list by Kay Blue." I said, "Who is Kay Blue to remove me off the vegan list before I have heard the ticket," FS Warren said, "Chaplain Rojes said you were off the vegan list," I asked FS Warren, "How can Chaplain Rojes take me off the vegan list before I have heard the ticket about my vegan tray?" FS Warren said "The Lord giveth, and the Lord taketh away."
     I pointed to FS Warren that my name was still on the vegan list. FS Warren marked my name with a highlighter. I asked FS Warren if I could talk to Kay Blue. FS Warren refused to get Kay Blue. I spoke to Lt. Britton about the situation. I did not get a tray at all. Later, I spoke to Captain Goodwin asking him how could Chaplain Rojes take me off the vegan list on unsubstantiated incident reports. Capt. Goodwin agreed that it did not sound right. On 1-5-02, I spoke to Chaplain Rojes in his office while attending my Hebrew Israelite service. Chaplain Rojes said that he did remove me from the vegan list on 1-4-02. I asked Chaplain Rojes, "How can you find me guilty before seeing the Program Unit? Chaplain Rojes said, I have

Relief Requested: nothing to do with the Adjustment committee. I received the incident report with a note from the food supervisor. The warden sent the incident report to me for my handling." I asked Chaplain Rojes, "Does for

*(Attach additional pages, if necessary.)*

---

**COUNSELOR'S RESPONSE**

Date Received: 1-7-02

Response: *(illegible handwriting)*

Counselor: _(signature)_  Print Name: C. Winn, F.  Date of Response: 1-28-02

☐ Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

EXHIBIT 1

Illinois Department of Corrections

**COMMITTED PERSON'S GRIEVANCE REPO**

Page 2

| Date: Jan 06, 2002 | Committed Person: (Please Print) Tiberius Mays | ID# N92625 |
|---|---|---|
| Present Facility: Hill | Facility where grievance issue occurred: Hill | |

**NATURE OF GRIEVANCE:**

Harassment / Retaliation

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Restoration of Good Time
- ☐ Disciplinary Report · Date: _____
- ☐ Mail Handling
- ☒ Dietary vegan diet
- ☐ Medical Treatment

Transfer Denial:
- ☐ By Transfer Coordinator
- ☐ By Institution — denied me vegan trey
- ☐ Disability
- ☒ Other Chaplain

Where issued: before hearing program ticket

PAGE 1 · Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 · Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: Your handling mean to find me guilty before I have had my due process at the adjustment committee pro ceedings. Chaplain Rojes said "well, if the adjustment committee does not find you guilty, they can put you back on." My point is this it does not matter what the program unit does. Chaplain Rojes decided on his own to remove me from my religious diet over allegations that had not been decided on by the Adjustment / program unit. I was denied my vegan tray all Friday, Jan 04, 2002, and all Saturday, Jan 05, 2002.

On 1-4-02 I heard a ticket about me not receiving a vegan tray, but receiving a regular tray by Sgt. Bshanan. Sgt. Bshanan stated that she would wait until she came in on 1-5-02 to locate the incident report. Sgt. Bshanan also told me on 1-5-02 that she also spoke with Captin Goodwin.

An incident report and note from a Food Supervisor is not enough proof to prove I am guilty of noncompliance with my vegan tray. I have had this ticket in 9 months expunged about my vegan tray. I have a federal civil lawsuit about my vegan diet currently. This whole incident smacks of retaliation and harassment.

Relief Requested: Request that I be immediately placed back in vegan diet for major improprieties by the Chaplain and dietary dept. Request this grievance be sent to Warden Piersen Hulick, and Buss for their review.

(Attach additional pages, if necessary.)

| **COUNSELOR'S RESPONSE** |
|---|
| Date Received: _____ |
| Response: _____ |
| _____ |
| _____ |
| _____ |
| Counselor: _____ |
| Signature          Print Name          Date of Response |

☐ Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

This Grievance is true and accurate to the best of my knowledge. I

## GRIEVANCE OFFICER'S REPORT

Date Received: January 28, 2002        Date of Review: February 15, 2002

Committed Person: Mays, Tiberius        Number: N 92625

Nature of Grievance: Dietary

Facts Reviewed:    Inmate went to lunch on 1/4/02 and was denied his vegan tray. Inquired why he was off the vegan list and was told Chaplain Rojas removed him. Spoke to the Chaplain on 1/5/02, who verified he removed him from the vegan list. Inmate acknowledges he received a ticket about a vegan tray incident, but it hadn't even been heard yet. Therefore, inmate asked how he could be removed from the vegan line, before even being found guilty. Requests to immediately be placed back on the vegan list.

   Chaplain Rojas acknowledges he removed inmate Mays from the vegan list on 1/4/02. According to the religious diet contract, inmates cannot eat from the regular chow line if they are on the vegan list. CFSS II Gaskill personally observed inmate Mays taking a non - vegan tray. This was verified by Lt. German. Accordingly, after conferring with A/W Bass - - - Chaplain Rojas removed inmate Mays from the vegan list.

Recommendations: Grievance Denied

Grievance Officer    *Don Niles*        Don Niles
                     Signature                   Print Name

---

### CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: 2/15/02    [X] I concur    [ ] I do not concur    [ ] Remand

Comments:

*Mark A Pierson*        2/15/02
Chief Administrative Officer        Date

---

### COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_____        _____
Committed Person's Signature / Number        Date

DC 5657      Copy: Original to the Master File        ADMINISTRATIVE REVIEW BOARD
IL 426-17343            Inmate                    1301 Concordia Court, P.O. Box 19277
                 Grievance Officer                    Springfield, IL 62794-9277

Side 2



**ILLINOIS DEPARTMENT OF CORRECTIONS**

Donald N. Snyder, Jr.
Director

:rrectional Center / 600 Linwood Road, P.O. Box 1327 / Galesburg, Il. 61401 / Telephone: (309) 343-4212
TDD: (800) 526-0844

# MEMORANDUM

DATE: 1/30/02

TO: Chaplain Rojas

FROM:       Grievance Officer DN                    R2 D 17

SUBJECT:    INMATE:  Mays            IBOC# N92645

GRIEVANCE ISSUE: _____

The attached grievance is being forwarded to you for review and response.  Please review the grievance and provide a brief response to the inmate allegations on the bottom of this form:

In order to finalize this grievance within the required time frames, your response is needed within 5 working days of your receipt of this form.  Please return completed form to Institutional Inquiry Board.

I followed procedure where as written in the Religious diet contract. It was reported time that inmate Mays violated his contract in an incident report written by F.S.S. Castill and verified by Lt. German. after A/W Boss reviewed I followed her advise and ordees to perceed to disallow his veg tray.

RESPONSE SUBMITTED BY: Chaplain Rojas

Attachments:
KD:rm
cc: file



**George H. Ryan**
Governor

**Illinois**
Department of
**Corrections**

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

March 25, 2002

Tiberius Mays
Register No. N92625
Hill Correctional Center

Dear Mr. Mays:

This is in response to your grievance received on March 18, 2002, regarding dietary (vegan diet), which was alleged to have occurred at Hill Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated February 15, 2002 and approval by the Chief Administrative Officer on February 15, 2002 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____

Douglas A. Cravens
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Donald N. Snyder, Jr.
Director

cc:  Warden Mark A. Pierson, Hill Correctional Center
Tiberius Mays, Register No. N92625
Chron. File

Page 1

Illinois Department of Corrections
**COMMITTED PERSON'S GRIEVANCE REPORT**

| Date: January 18, 2002 | Committed Person: (Please Print) Tiberius Mays | ID #: N-92625 |
|---|---|---|

| Present Facility: Hill | Facility where grievance issue occurred: Hill |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  Transfer Denial:  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☐ By Transfer Coordinator  ☐ Other _____
☐ Restoration of Good Time  ☐ Medical Treatment  ☐ By Institution  _____
☒ Disciplinary Report - Date: 12-29-01  Where issued: _____

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: On 12-29-01, Lt. German wrote me a discipl-
nary report for 308 Unauthorized Property & 310 Abuse of Privi-
leges for an alleged non compliance by me receiving a regular
tray instead of my diet tray. Lt. German called me from the
outgoing chow line to ask me for my I.D. I asked Lt. Ger-
man why was he asking me for my I.D. Finally Lt. German said,
"I saw you with a regular tray." Lt. German saw me empty
a regular tray. I did not take a regular tray from the serving
line. I received my vegan diet on 12/29/01.
   On 12/30/01, I placed two witnesses to be called for
my ticket. On 1/04/02, Chaplain Rojas officially removed
me from the vegan diet from an incident report written by
some officer, which was sent to him by the warden. On
1/04/02 at 8:00 p.m., Sgt. Bohnen heard my vegan tray
ticket from 12-29-01 as the program unit. I gave Sgt.
Bohnen a written statement to attach to the summary.
I explained to Sgt. Bohnen that according to Lt. German's
ticket, CFSS II Coskill informed him that I had received
a regular tray and not a vegan tray. I have been receiving
vegan trays for 3 years and have never been removed off of it
here and at Stateville. I have received two tickets for re-
ceiving regular trays and not my vegan tray by FS Fritz and
Lt. Pendicord. Before tickets were expunged. If FS

Relief Requested: Coskill saw me obtain a regular tray, why didn't
FS Coskill write the ticket? Why would a food supervisor,
who deals with and knows about vegans, inform Lt. German,
who has nothing to do with who receives vegan trays? FS

(Attach additional pages, if necessary.)

---

**COUNSELOR'S RESPONSE**

Date Received: 1-18-02

Response: Copy of IDR and program summary attached.
IDR was considered a minor. IDR and program summary
to the program committee and heard by Sgt. Bohnen.

Counselor: C. Winduk  |  Print Name: C. Winduk  |  Date of Response: 1-08-02
Signature

☐ Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Illinois Department of Corrections
**COMMITTED PERSON'S GRIEVANCE REPORT**

| Date: Jan 06, 2002 | Committed Person: Mr. Tiberius Mays (Please Print) | ID #: N92625 |
|---|---|---|
| Present Facility: Hill | Facility where grievance issue occurred: Hill | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Restoration of Good Time
- ☐ Disciplinary Report - Date: _____
- ☐ Mail Handling
- ☐ Dietary
- ☐ Medical Treatment

Transfer Denial:
- ☐ By Transfer Coordinator
- ☐ By Institution

Where Issued: _____

- ☐ Disability
- ☐ Other _____

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: Gaskull did not see me take a regular tray because if he did, he would have written the ticket, could have said something when he claimed he saw me, or walk up on me with three officers as his witnesses. None of this happened. When the ticket was heard by Sgt. Bohannon, she refuse to call or have the witnesses interviewed. Sgt Bohannon refused me a continuance. I asked for a continuance because I thought the ticket was going to be heard by the Adjustment Committee since it has major checked on my ticket and I was not prepared since I did not receive a call pass a day before the hearing. Sgt. Bohannon did not have the incident report before her and told me that she would make a decision tomorrow. Therefore, all of Jan. 04, 2002, and part of Jan 05, 2002, I was denied my 1st Amendment protection of Free exercise clause, which prohibits the free exercise of religion from no law to deny it. I was denied my vegan tray before seeing the program unit. I talked to Chaplain Rejesus 1-5-02 and he stated that he did remove me from the vegan diet early morning Jan 04, 2001. FS Warren, Key Blue, and Lt. Britten can attest to this. Also. I objected to Sgt. Bohannon hearing the IDR because she is partial to Lt. German since she works with him in the chow hall. Also Request - 14 days No Commissary changed to ~~30 days of~~ commissary        Tiberius Mays

Relief Requested: Request ticket be expunged because (1) witnesses not called, (2) IDR and incident report give different accounts of story, (3) FS Gaskull did not write ticket as he should, (4) No unauthorized property was confiscated, (5) ticket is based on hearsay, (6) impartiality by Sgt. Bohannon (Attach additional pages, if necessary) (6) not giving hearing

| date, time, or place | **COMMITTED RESPONSE** |
|---|---|
| Date Received: 1-18-02 | — As by law to do's before hearing |
| Response: | Request copy of incident report used & consider — |

Check my written statement which was not attached and attach with IDR & summary.

Counselor: _____ (Signature)    T. Mays (Print Name)    _____ (Date of Response)

☐ Outside jurisdiction of this facility; grievance which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

# GRIEVANCE OFFICER'S REPORT

Date Received: January 28, 2002 _____     Date of Review: February 15, 2002 _____

Committed Person: Mays, Tiberius _____     Number: N 92625 _____

Nature of Grievance: IDR ( 12/29/01 ) - Prog.

Facts Reviewed:     Inmate received an IDR ( 12/29/01 ) written by Lt. German. States he is on the vegan diet list in Dietary. Lt. German wrote him up for taking a regular Dietary tray on this date. Acknowledges, he emptied a regular tray, but insists he didn't take the regular tray. CFSS II Gaskill told the Lieutenant about him having a regular tray, so why didn't Mr. Gaskill write the ticket ? States his witness was also not called. Emphasizes he wanted someone different to hear his ticket other than Sgt. Bohanan, because she is partial to Lt. German. Wants ticket expunged.

A review of the disciplinary report and program unit summary show them in compliance with due process safeguards outlined in DR 504 A. Lt. German verified inmate Mays was eating from a regular non - vegan tray. He was observed eating a fish sandwich and macaroni / cheese. CFSS II Gaskill personally observed inmate Mays taking a non - vegan tray. Witnesses do not have to be called by the Program Committee and inmate's witness request slip was still attached to the bottom of the disciplinary report.

Recommendations: Grievance Denied

Grievance Officer _____ *Don Niles* _____     Don Niles _____
                                              Signature                                        Print Name

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: ___ 2/15/02 ___     ☒ I concur     ☐ I do not concur     ☐ Remand

Comments:

_____ *Mark A Leun* _____     *2/15/02*
            Chief Administrative Officer                                    Date

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_____ Committed Person's Signature / Number _____     _____ Date _____

DC 5657                 Copy: Original to the Master File                    ADMINISTRATIVE REVIEW BOARD
IL 426-17343                   Inmate                                        1301 Concordia Court, P.O. Box 19277
                               Grievance Officer                            Springfield, IL  62794-9277
                                                    Side 2



**George H. Ryan**
Governor

# Illinois
### Department of
# Corrections

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

April 18, 2002

Tiberius Mays
Register No. N92625
Hill Correctional Center

Dear Mr. Mays:

This is in response to your grievance received on March 18, 2002, regarding a disciplinary report dated December 29, 2001, which was alleged to have occurred at Hill Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated February 15, 2002 and approval by the Chief Administrative Officer on February 15, 2002 have been reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD: _____
Douglas A. Cravens
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden Mark A. Pierson, Hill Correctional Center
      Tiberius Mays, Register No. N92625
      Chron. File

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 10 April 02 | Committed Person: (Please Print) TIBERIUS D. MAYS | ID#: N-92625 |
|---|---|---|
| Present Facility: DANVILLE C.C. | Facility where grievance/issue occurred: DANVILLE C.C. | |

**NATURE OF GRIEVANCE:**

Received Corr. Cntr. Warden's Office

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Goods
- [ ] Medical Treatment
- [ ] Disability — Not providing
- [X] Other (specify): VEGAN DIET

- [ ] Disciplinary Report: ____ / ____ / ____
   Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Since arriving to Danville C.C. on March 20, 2002, three

weeks ago, I have been unable to receive food sufficient to sutain me

in good health that satifies the dietary laws of my faith, which is

African Hebrew Israelite of Jerusalem.  According to many federal law

citations ( Schlesinger v. Carlson, 489 F.Supp 612, Jackson v. Mann,
196 F.3d. 316), failure of prison authorities to provide prisoners with
food appropriately certified to satisfy dietary laws of a prisoner's

religion violates the First Amendment rights.  Chaplian Wright was sent

three requests for a vegan diet by me, and was contacted by Warden Leibach

during the start of the Passover.  I explained to Warden Leibach that

I was am African Hebrew Israelite that wanted to honor the Passover by

eating the appropriate food.  I also explained the same to Chaplian

Relief Requested:
Request:   That I am placed on the vegan diet.  That Chaplian Wright follows

the whole Ill. Adm. Code 425.70 and not just the part he likes.

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Tiberius Mays_                              N92625              4 , 16 , 02
   Committed Person's Signature                    ID#                    Date

Serous harm - health. losing
weight. feel weak, headaches   (Continue on reverse side if necessary)

---

### Counselor's Response (If applicable)

Date Received: ____ / ____ / ____        [ ] Send directly to Grievance Officer        [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name _____    Counselor's Signature _____    Date of Response _____

---

### EMERGENCY REVIEW

Date Received: 4 , 22 , 02        Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [X] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_Leibach_                                                      4 , 22 , 02
   Chief Administrative Officer's Signature                              Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff.10/2001)
                                                                       (Replaces DC 5657)
Printed on Recycled Paper

Wright about these facts: (1) I have African Hebrew Israelite on my ID card, (2) I sent Chaplain Wright a copy of my March 2002 activity card stating/showing that I had two Hebrew Israelite classes on Friday and Saturday/Sabbath, (3) that in my master file, there are two contracts for the vegan diet from HIll C.C. for two years (2000-2002), and from Statevillle C.C. from 1998-2000. I am losing weight, feel sick often, have little energy, and have went several weeks without eating meat.

The part of the Ill. Adm. Code Section 425.70 that both chaplain Wright and Warden Leibach fail to recognize is this part: "Eligibility to receive an alternative diet for specific religious reasons shall be determined by the chaplain who shall ordinarily confer with a religious leader or faith representative of the faith group at issue. Many prisoners adopt a new faith/religion in prison and may never become affiliated with a particular group of their faith through prison. Therefore, how can prison authorities use a standard of requiring an outside representative to state that the prisoner requesting a religious diet is a member of their faith group?

What Chaplain Wright and Warden Leibach are doing is to deny me and other before and after me our right to have a religious diet. During Lent in this prison, I and other prisoners were forced to observe Lent by the kitchen serving a meatless meal every Friday.

The same contract used at Danville is used at Hill and Stateville prison. Chaplain Wright can contact Chaplain Rojas at HIll. Warden Leibach has failed to act on a constitutional violation of my 1st and 14th Amendment and Chaplian Wright is also in violation of my religious freedoms using arbitrary prison regulation, which are causing an undue burden on me. I discussed these issues fully with my counselor on April 9, 2002.

My Hebrew name is Zunel Ben Israel. This can be confirmed by the letter from the Prophetic Priesthood at Jerusalem. P.O. Box 465, Dimona, Israel, 86021, or e-mail address: Kingdom of yah.

Kurtz v Denniston, 872 F. Supp. 631- Prisons must make all reasonable Accomodations to any sincerely held religious dietary belief of prisoner, whether or not prisoner belongs to recognized, majority, common or New religion. No prison official will be entitled to qualified immunity for future claims based on that right on grounds that law is not clearly established

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: 4 / 19 / 02    Date of Review: 4 / 24 / 02    Grievance # (optional): _____

Committed Person: _MAYS, T_    ID#: _N92625_

Nature of Grievance: _Vegan diet –_

Facts Reviewed: Mr Mays states he is an African Hebrew Israelite of Jerusalem and that he should be entitled to a Vegan diet. Chaplain Wright said that per D.R. 425, Mr Mays needs to submit proof of his religious affiliation and dietary restrictions. He said a letter from a religious leader (priest, Rabbi etc on their letterhead attesting to Mr Mays' membership and the dietary guidelines of the religion would provide ample documentation.

Recommendation: Once the chaplain receives the necessary documentation, he can make a recommendation on the Religious diet.

_Norm Kelly_
Print Grievance Officer's Name

_Norm Kelly_
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable.)

| Chief Administrative Officer's Response |
|---|

Date Received: _4/26/02_    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

_XC M. Nichols_

_Leibach_
Chief Administrative Officer's Signature

_4 / 26 / 02_
Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____    _____    _ / _ / _
Committed Person's Signature    ID#    Date

DOC 0047 (Eff.
(Replace

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE

| Date: 10 April 02 | Committed Person: (Please Print) TIBERIUS D. MAYS | | ID#: N-92625 |
|---|---|---|---|
| Present Facility: DANVILLE C.C. | | Facility where grievance issue occurred: DANVILLE C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☒ Other (specify): VEGAN DIET
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____/_____/_____
           Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

Brief Summary of Grievance: Since arriving to Danville C.C. on March 20, 2002, three

weeks ago, I have been unable to receive food sufficient to sutain me

in good health that satifies the dietary laws of my faith, which is

African Hebrew Israelite of Jerusalem.  According to many federal law

citations ( Schlesinger v. Carlson, 489 F.Supp 612, Jackson v. Mann,
196 F.3d. 316), failure of prison authorities to provide prisoners with
food appropriately certified to satisfy dietary laws of a prisoner's

religion violates the First Amendment rights.  Chaplian Wright was sent

three requests for a vegan diet by me, and was contacted by Warden Leibach

during the start of the Passover.  I explained to Warden Leibach that

I was am African Hebrew Israelite that wanted to honor the Passover by

eating the appropriate food.  I also explained the same to Chaplian

Relief Requested:
Request:  That I am placed on the vegan diet.  That Chaplian Wright follows

the whole Ill. Adm. Code 425.70 and not just the part he likes.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  _____/_____/_____
Committed Person's Signature      ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 4 / 15 / 02    ☒ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: 16/5 to 11B

_____  _____  _____/_____/_____
Print Counselor's Name          Counselor's Signature         Date of Response

---

**EMERGENCY REVIEW**

Date Received: _____/_____/_____    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                               ☐ No; an emergency is not substantiated.
                                                               Committed person should submit this grievance in the normal manner.



Wright about these facts: (1) I have African Hebrew Israelite on my ID card, (2) I sent Chaplian Wright a copy of my March 2002 activity card stating/showing that I had two Hebrew Israelite classes on Friday and Saturday/Sabbath, (3) that in my master file, there are two contracts for the vegan diet from HIll C.C. for two years (2000-2002), and from Statevillle C.C. from 1998-2000. I am losing weight, feel sick often, have little energy, and have went several weeks without eating meat.

The part of the Ill. Adm. Code Section 425.70 that both chaplian Wright and Warden Leibach fail to recognize is this part: "Eligibility to receive an alternative diet for specific religious reasons shall be determined by the chaplian who shall ordinarily confer with a religious leader or faith representative of the faith group at issue. Many prisoners adopt a new faith/religion in prison and may never become affiliated with a particular group of their faith through prison. Therefore, how can prison authorities use a standard of requiring an outside representative to state that the prisoner requesting a religious diet is a member of their faith group?

What Chaplian Wright and Warden Leibach are doing is to deny me and other before and after me our right to have a religious diet. During Lent in this prison, I and other prisoners were forced to observe Lent by the kitchen serving a meatless meal every Friday.

The same contract used at Danville is used at Hill and Stateville prison. Chaplian Wright can contact Chaplain Rojas at Hill. Warden Leibach has failed to act on a constitutional violation of my 1st and 14th Amendment and Chaplian Wright is also in violation of my religious freedoms using arbitrary prison regulation, which are causing an undue burden on me. I discussed these issues fully with my counselor on April 9, 2002.



### Th  Prophetic Priesthoo  At Jerusalem

P.O. Box 465   Dimona, Israel 86021

*First giving honor and praises to Yahwah Qadosh Yisrael and Our Anointed Lord and Savior Ahdonaynu HaMasheak, His Holy Princedom, Divine Ministers, Crowned Brothers and Sisters and all those striving for righteousness sake, Shalom, Shalom.*

## GREETINGS FROM THE SANCTUARY OF YAH

### SPECIAL ANNOUNCEMENT
### TO ALL ISRAELITES NEAR AND FAR

*Shalom Brother Zuriel,*

Let it be known to all Saints that the festive High Holy Day of the Memorial Passover and the Feast of Unleavened Bread is fastly approaching. It will be celebrated from Yom Kameshee, 28.03.02 through sunset Yom Rivee, 03.04.02.

On Yom Rivee, 27.03.02 at the hour of 6:15 p.m. there will be a Holy Convocational Service to inaugurate the Evening of the Lord's Passover. The following morning begins the Feast of Unleavened Bread. In preparation for the Feast of Unleavened Bread, Saints are to remove all products that have leavening from your households before sunset Yom Rivee, 27.03.02. These include products that contain baking soda and baker's yeast.

Please refer to your "Sabbath and High Holy Day Guidelines" booklet for all detailed instructions concerning this great High Holy Day season.

## COG SAMEAR
## FROM
## THE PROPHET



The Prophetic Priesthood at Jerusalem
P.O. Box 465   Dimona, Israel 86000

D A N

IA6

Silenus Mays
P.O. Box 1000
N-92625

New Address: Gabriel

Danville Correctional Center
3820 East Main Street
Danville, Illinois 61834

N 92625

SEARCHE
BY C

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report | |
|---|---|

Date Received: 4 / 19 / 02   Date of Review: 4 / 24 / 02   Grievance # (optional): _____

Committed Person: _MAYS, T_   ID#: _N92625_

Nature of Grievance: _Vegan diet_ -

Facts Reviewed: _Mr Mays states he is an African Hebrew Esraelite of Jerusalem and that he should be entitled to a Vegan diet. Chaplain Wright said that per D.R. 425 Mr Mays needs to submit proof of his religious affiliation and dietary restrictions. He said a letter from a religious leader (priest Rabbi etc) on their letter head attesting to Mr Mays membership and the dietary guidelines of the religion would provide ample documentation._

2002

Recommendation: _Once The Chaplain receives the necessary documentation, he can make a recommendation on the religious diet._

_Norm Kelly_
Print Grievance Officer's Name

_Norm Kelly_ ~5
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | |
|---|---|

Date Received: _4/26/02_   ☒ I concur   ☐ I do not concur   ☐ Remand

Comments: _XC M Nichols_

_Liibach_
Chief Administrative Officer's Signature

4 / 26 / 02
Date

| Committed Person's Appeal To The Director | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

#1



**George H. Ryan**
Governor

**Illinois**
**Department of**
**Corrections**

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

May 21, 2002

Tiberius Mays
Register No. N92625
Hill Correctional Center

Dear Mr. Mays:

This is in response to your grievance received on May 16, 2002, regarding religious (diet-vegan not provided), which was alleged to have occurred at Danville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated April 24, 2002 and approval by the Chief Administrative Officer on April 26, 2002 have been reviewed.

The Grievance Officer's response indicated the action you need to take in order to obtain the diet you requested.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be considered moot.

FOR THE BOARD: _____
Douglas A. Cravens
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden Mark A. Pierson, Hill Correctional Center
      Tiberius Mays, Register No. N92625
      Chron. File

**COMMITTED PERSON'S GRIEVANCE**

| Date: June 3, 2002 | Committed Person: (Please Print) MAys, Tiberus D | ID#: N92625 |
|---|---|---|

| Present Facility: Danville | Facility where grievance issue occurred: Danville |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ Other (specify): Clothing —
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator inadequate for the seasons.

☐ Disciplinary Report: _____ / _____ / _____
            Date of Report             Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: The Danville Correctional Center under the leadership of Warden Leibach has an obligation under state and Federal law to provide me with adequate clothing for the season minimally to protect me from the elements. Danville Correctional Center provided me with the following clothing: 3 blue state pants (2 used), 3 blue state shirts (2 used), 3 briefs, 3 3X T-shirts, 2 white socks, 2 white towels, 1 face cloth, 1 laundry bag, 1 state blue coat. I received these items on March 21, 2002. I did not want the blue state coat since I have a blue jean coat but was forced to keep it. I was

Relief Requested: _____

_____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___ / ___ / ___
Committed Person's Signature      ID#      Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 6 / 14 / 02    ☑ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _Refer to TAB_

_____    _____    6 /16 /02
Print Counselor's Name      Counselor's Signature      Date of Response

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____    Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____      ___ / ___ / ___
Chief Administrative Officer's Signature      Date

Distribution: Master File; Committed Person      Page 1      DOC 0046 (Eff.10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

Not given any shoes. Danville's clothing room provided me a pair of deck shoes, lightweight canvas shoes which shrink when water hits it, on May 29, 2002, at Clo Foster's request. These deck shoes are inadequate for winter season and rainy season. Only certain assignments can receive a pair of state black boots.

Danville C.C. clothing does not provide prisoners with the following: sweaters, scarves, gloves, thermal underwear, rain gear, wool socks, winter pants, winter shirts, and etc. The clothing given to me was totally inadequate for the cold weather. When going to the yard in late March 2002, I experienced numbness in my feet, hands, and face, a feeling of being frostbite, and an inability to write after coming in from the yard, and experienced colds and flu from these conditions. I went to the hospital and spoke to Dr. Ike about these problems.

According to the Illinois Revised Statute, I am to receive clothing adequate for all seasons. No shirts are provided for summer wear.

I have been made to stand in the rain for 10 minutes by Lt. W. Brown because some prisoners were talking (which is not against the rules) and because he felt the line was not paired up. This caused me to catch a cold because I had no adequate rainwear.

## AFFIDAVIT.

State of ILLINOIS )
) SS
COUNTY OF VERMILLION )

I, Tiberius Mays, swear under the penalty of perjury that the following information is true and accurate to the best of my knowledge.

_Tiberius Mays_

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

### Grievance Officer's Report

Date Received: 6, 17, 02    Date of Review: 6, 19, 02    Grievance # (optional):

Committed Person: Mays, T    ID#: N 92625

Nature of Grievance: _Clothing_

Facts Reviewed: MR Mays feels his state issue clothing is insufficient.

Mr Mays Received The same clothing issue as every other inmate at Danville C.C.

Recommendation: Issue is without merit.

N. Kelly
Print Grievance Officer's Name
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

Grievance Officer's Signature

### Chief Administrative Officer's Response

Date Received: 6/20/02    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

Chief Administrative Officer's Signature    6, 20, 02
Date

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature    ID#    Date



**George H. Ryan**
Governor

**Illinois**
Department of
**Corrections**

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

July 5, 2002

Tiberius Mays
Register No. N92625
Danville Correctional Center

Dear Mr. Mays:

This is in response to your grievance received on July 2, 2002, regarding other (state issued clothing inadequate), which was alleged to have occurred at Danville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated June 19, 2002 and approval by the Chief Administrative Officer on June 2, 2002 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Douglas A. Cravens
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:  Warden Blair J. Leibach, Danville Correctional Center
Tiberius Mays, Register No. N92625
Chron. File